UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-196 (ADM/BJT)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ABDELHAMID AL-MADIOUM,

        Defendant.

GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION FOR DETENTION

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Andrew R. Winter, Assistant United States Attorney, submits the following memorandum in support of its motion for detention.

## Procedural History

On September 16, 2020, the defendant made his initial appearance in the District of Minnesota on allegations that he Provided and Attempted to Provide Material Support to a Designated Foreign Terrorist Organization, in violation of Title 18 U.S.C. Section 2339B. Upon the government's oral motion, the Court ordered the defendant detained pending a detention hearing now scheduled for Tuesday, September 29, 2020.

## Facts

In July of 2015, the defendant abandoned his family in the middle of the night to join ISIS, a designated foreign terrorist organization known for its brutality and its many atrocities. The defendant – while on vacation in Morocco – used a debit card to purchase a

visa and a plane ticket to Turkey where he then journeyed to that country's border with Syria. Aided by smugglers, the defendant made his way into ISIS territory and eventually to Iraq. The defendant's family would hear nothing from him until late in August of 2015, at which time he called home to report that he was located in Mosul - an area controlled exclusively by ISIS in 2015. For the next four years, the defendant was an active member of ISIS, moving between Mosul, Raqqa, and Aleppo – all strongholds for the terrorist organization.

Documents recovered in Mosul by members of the United States military show that the defendant was assigned an ISIS census number, was on the payroll of the terrorist organization, and that by 2016 was assigned to ISIS' *Abu Mutaz al-Qurashi Division* and its *Tariq Bin Ziyad Batallion*. These documents evidence that Al-Madioum was a soldier who was injured resulting in a transfer by the "Medical Committee for Prisoner, Martyr, and Disabled Personnel Affairs." In media interviews following his capture, the defendant admitted that he appeared in ISIS propaganda videos in which he criticized the United States.

Not until March of 2019 – a time by which ISIS had been territorially reduced to a small village on the Syria-Iraq border – was Al-Madioum captured when he surrendered to Syrian Democratic Forces personnel in Baghouz, Syria. When he did so, however, the defendant lied about his name and his nationality which he later admitted was designed to prevent his return to the United States.

Pretrial Services has recommended that the defendant be detained pending trial based upon his danger to the community and the risk of flight.

**Legal Framework**

Upon the government's motion for detention, a judicial officer must conduct a detention hearing to determine whether any condition or combination of conditions of bond will reasonably assure the appearance of the person and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f)(1)(E). Pretrial detention shall be ordered upon *either* (1) a showing by clear and convincing evidence that release will result in a danger to the community; *or* (2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Under 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that the defendant be detained. The rebuttable presumption arises when there is probable cause to believe that the defendant (1) committed an offense listed in 18 U.S.C. § 2332b(g)(5)(B), and that offense carries a maximum term of imprisonment of 10 years or more. See 18 U.S.C. § 3142(e)(3)(B) and (C). The charge alleged in the complaint is listed in 18 U.S.C. § 2332b(g)(5)(B) and carries a maximum sentence of 20 years' imprisonment. As noted in *United States v. Abad*, 350 F. 3d 793, 798 (8th Cir. 2003), the rebuttable presumption places a limited burden of production on the defendant.[1] However, even when the defendant meets his burden, the presumption does not simply disappear:

---

[1] Bail hearings are typically informal affairs, and not a substitute for trial or discovery. Few detention hearings involve live testimony; most proceed on proffers. *United States v. Abuhamra*, 389 F. 3d 309, 321, n. 7 (2nd Cir. 2004). The government, as the defendant, may proceed by proffer at a detention hearing. *See e.g., United States v. El-Hage*, 213 F. 3d 74, 82 (2nd Cir. 2000) (while the defendant may present his own witnesses and cross examine any witnesses that the government calls, either party may proceed by proffer and

> The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained before trial.

*United States v. Stone*, 608 F. 3d 939, 945 (6th Cir. 2010). In fact, the presumption does not disappear when a defendant produces some rebuttal evidence and should continue to be weighed with other factors. *United States v. LaFontaine*, 210 F. 3d 125, 130-31 (2nd Cir. 2000).

Next, 18 U.S.C. § 3142(g) sets out a non-exhaustive list of factors this Court should consider in deciding whether to release or detain a defendant pending trial. Those factors include (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and the seriousness of the danger to any person or the community that would be posed by the person's release.

Finally, the Court must apply the appropriate standard of proof. Dangerousness to the community is established under a clear and convincing standard, while risk of flight is established by a preponderance of the evidence. 18 U.S.C. § 3142(f); *United States v. Kisling*, 334 F. 3d 734, 735 (8th Cir. 2003).

## **Argument**

---

the rules of evidence do not apply); *United States v. Smith*, 79 F. 3d 128, 129-10 (D.C. Cir 1996) ("every circuit to have considered the matter has. . .permitted the government to proceed by way of proffer" (citations omitted)). *See also United States v. Gaviria*, 828 F. 2d 667, 669 (11th. Cir. 1987).

## I.  There Are No Conditions or Combination of Conditions of Release That Reasonably Assure the Safety of the Community or Mitigate the Risk of Flight

The totality of the evidence concerning both the charged offense and the history and characteristics of the defendant supports the conclusion that detention is warranted. In addition to this overwhelming quantity of evidence of dangerousness, the government believes that the defendant cannot, as he is required to do, rebut the presumption that there are no conditions that would ensure his appearance in court.

### A.  The Nature and Circumstances of the Offense

The offense alleged in the Indictment involves the defendant's surreptitious abandonment of his family in the middle of the night to join the single most deadly terrorist organization in modern times.  The evidence shows that he was employed as a soldier for the organization, married twice during his tenure with the terrorist group, bore children, received a stipend, and failed to leave the terrorist organization for over four years.  When he was captured, he lied about his identity to avoid his return to the United States. If the defendant is convicted of the charge set forth in the Indictment, the guidelines call for a 240-month sentence. Notably, this lengthy term of incarceration provides the defendant with a strong motive to flee if he were to be released by this Court.

### B.  The Weight of the Evidence

The weight of the evidence against the defendant is very strong. The government's evidence includes, but is not limited to: 1) hand-written notes found in his St. Louis Park home evidencing his detailed planning for this crime and his allegiance to ISIS; 2) travel records showing his movements from Minnesota to Morocco to Turkey where he, by his

5

own admission, was smuggled across the border by members of ISIS' network; 3) battlefield documents evidencing his role as a soldier for ISIS; 4) multiple statements to FBI agents and media outlets admitting his membership in ISIS; and 5) his capture in Baghouz, Syria – a town considered to be ISIS' final stronghold.

C. The History and Characteristics of the Defendant

The defendant was a high-school graduate with a year of college under his belt when he transformed himself into an active member of a deadly terrorist organization. He willingly fled his home, his family, his community, and his life as a United States citizen to support an extraordinarily radical and murderous group. During interviews with media members and the FBI, he shows little remorse and litters the interviews with self-serving statements about wanting to render aid to the injured.  The defendant did admit, however, that before absconding from his family he knew of the atrocities alleged to have been committed by ISIS.

D. The Nature and Seriousness of the Danger to any Person or the Community

Given the nature of the allegation in the Indictment and the deadly acts committed by the organization the defendant willingly joined, the danger to any person and the community if the defendant is released cannot be overstated. ISIS has indeed made public commands to its followers to commit violent acts against its enemies wherever they are found – to include inside the United States.  While the defendant has lost a limb in service to ISIS, this Court should not assume that the defendant has lost his intent or desire to support the single most dangerous terrorist organization in existence today.

## Conclusion

In sum, taking into account the statutory presumption, the § 3142 factors, the totality of the circumstances of this case, and the defendant's history, there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required or the safety of any other person and the community if the defendant were to be released on bond.  The United States respectfully requests that the Court grant its motion and order Abdelhamid Al-Madioum detained pending the proceedings of this case.

Dated: September 29, 2020

                                         Respectfully Submitted,

                                         ERICA H. MacDONALD
                                         United States Attorney

                                         *s/* Andrew R. Winter

                                         BY:  ANDREW R. WINTER