UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-196 (ADM/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )   **ORDER** |
| v. | ) |
| | ) |
| ABDELHAMID AL-MADIOUM, | ) |
| | ) |
| Defendant. | ) |

This matter came on before the Court on September 29, 2020, for a detention hearing on the government's motion for detention. The defendant was present and represented by Assistant Federal Defender Manny Atwal. The United States was represented by Assistant U.S. Attorney Andrew R. Winter.

## FINDINGS OF FACT

1. On September 16, 2020, the defendant made his initial appearance in the District of Minnesota on allegations that he Provided and Attempted to Provide Material Support to a Designated Foreign Terrorist Organization, in violation of Title 18 U.S.C. Section 2339B.

2. On September 29, 2020, the defendant appeared before this Court with counsel for a hearing on the issue of detention. The Pretrial Services report provided to this Court recommended detention pending trial, concluding that Defendant presented both a risk of non-appearance and a danger to the community. Through counsel, Defendant presented evidence obtained from an interview conducted with his parents in which his

2

parents confirmed that Defendant could reside with them while this case is pending. Defendant also proffered information about the nature and extent of injuries suffered by Defendant while he was a member of ISIS. The complaint affidavit in the Court's file demonstrates that in 2015, Defendant surreptitiously left his family while on a vacation in Morocco to join ISIS, a designated foreign terrorist organization. Defendant remained in the ranks of ISIS for the next four years until his apprehension or surrender in March of 2019. At the time of his apprehension, Defendant provided a false name and nationality. Defendant remained in a Syrian Democratic Forces (SDF) detention facility until FBI agents took custody of him in September of 2020 and returned him to the United States. Documents obtained by military personnel identify Defendant as a soldier for ISIS. Defendant made statements to FBI agents and media outlets suggesting he was a medic for ISIS and had appeared in ISIS propaganda videos.

  3. This Court finds that there is clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance in court. Defendant is a dual citizen of the United States and Morocco, is unemployed, and had managed to flee his family and country to join a dangerous foreign terrorist organization. Whether he surrendered or was apprehended is ambiguous. Once in SDF custody however, he provide a false name. This Court also finds by a preponderance of the evidence that Defendant presents a danger to the community. The allegations contained in the Indictment involve Defendant's surreptitious departure from his family, his

3

community, and his country to travel into Syria in order to attempt to provide and provide material support to an extraordinarily violent foreign terrorist organization; to wit, ISIS.

4. Given the nature of the allegation contained in the Indictment a rebuttable presumption of detention applies. *See* 18 U.S.C. § 3142(e)(3)(B) and (C). The Court finds that Defendant did not sufficiently rebut this presumption and therefore detention is appropriate. Furthermore, the Court concludes that even if Defendant had rebutted the presumption, the government met its burden of showing by clear and convincing evidence that release will result in a danger to the community and by a preponderance of the evidence that release will result in a serious risk of flight.

THEREFORE, IT IS HEREBY ORDERED that:

1. The motion of the United States for detention without bond is GRANTED;

2. The defendant shall be committed to the custody of the Attorney General pending the trial of the allegations contained in the Indictment. The defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver him

4

to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: October 2, 2020

*David T. Schultz*
David T. Schultz
United States Magistrate Judge