UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 20-CR-196 (ADM/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ABDELHAMID AL-MADIOUM,  )<br>)<br>Defendant.  ) | PLEA AGREEMENT AND<br>SENTENCING STIPULATIONS |

The United States of America and Abdelhamid Al-Madioum (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charge**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with providing and attempting to provide material support and resources, namely personnel and services, to ISIS, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. The defendant is pleading guilty to this charge because he is guilty of this charge. The government further agrees not to charge the defendant with additional crimes based on information known at the time of this agreement.

2. **Factual Basis and Stipulated Facts**. It is stipulated that the factual assertions contained in the Indictment are true and that a sufficient factual basis exists to support the defendant's guilty plea. Moreover, the defendant agrees that the following facts are accurate, and that the government has sufficient evidence to prove the following at trial:

1

A-M, Dec 30 2020

a. That during late 2014, the defendant conducted research and developed plans to join and then provide material support and resources to ISIS, a designated Foreign Terrorist Organization.

b. That on June 23, 2015, the defendant departed the United States with his family to Morocco, intending to surreptitiously travel from Casablanca, Morocco, to Syria for the purpose of joining ISIS.

c. That on or about July 7, 2015, the defendant used his debit card to purchase a plane ticket to fly from Casablanca, Morocco, to Istanbul, Turkey, as well as a visa for Turkey. That one day later on July 8, 2015, the defendant traveled by air from Casablanca, Morocco, to Istanbul, Turkey. There, the defendant met up with members of ISIS who aided his border-crossing into Syria. Once in Syria, the defendant joined other members of ISIS who brought him to Mosul, Iraq.

d. That during the following several months, the defendant was administratively enrolled into ISIS and received military training from its members. The defendant was thereafter assigned to the Tariq Bin-Ziyad Battalion of the Abu Mutaz al-Qurashi Division of ISIS. The defendant then served as a soldier for ISIS until late 2015 when he was injured while conducting military activities on behalf of ISIS.

e. Following his injury, the defendant continued to receive a stipend from ISIS until late 2018 and remained a member of ISIS until his surrender to Syrian Democratic Forces in or near Baghouz, Syria, in March of 2019.

f. The defendant admits that at all times relevant to the charge in the Indictment, he knew ISIS was a designated terrorist organization, and that the organization had engaged and was engaging in terrorist activity or terrorism.

g. The defendant admits that he knew that his conduct was illegal, and that he engaged in such conduct voluntarily and not under coercion or duress.

3. **Statutory Penalties**.   The parties agree that Count 1 of the Superseding Indictment carries maximum statutory penalties of:

      a. twenty (20) years' imprisonment;

      b. a supervised release term of life;

      c. a criminal fine of $250,000; and



      d.      a mandatory special assessment of $100, which is payable to the Clerk of Court at the time of sentencing.

4.      **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

5.      **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

*A. A.,*

*Dec 30 2020*

6. **Revocation of Supervised Release**. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment pursuant 18 U.S.C. § 3583(e).

7. **Guideline Sentencing Stipulations**. The defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. § 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G."). The parties believe that the Guidelines Manual incorporating amendments effective November 1, 2018, applies in this case. The parties agree that the following calculations regarding the Guidelines will ultimately be determined by the Court. Based on the information known to the parties at the time of this agreement, the parties agree that the following Guidelines apply:

    a. Base Offense Level. The parties agree that the applicable guideline section is U.S.S.G. §2M5.3(a), which provides a base offense level of 26.

    b. Specific Offense Characteristics. The parties agree that a two-level increase is applicable under U.S.S.G. §2M5.3(b)(1)(E)(if the offense involved the provision of material support or resources with the intent, knowledge, or reason to believe they are to be used to commit or assist in the commission of a violent act, increase by two levels).

    c. Chapter 3 Adjustments. The parties agree that the 12-level adjustment described at U.S.S.G. § 3A1.4(a) applies.

    d. Acceptance of Responsibility. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this Agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional one-level reduction under U.S.S.G. § 3E1.1(b).

4



        Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

        The parties further agree that the facts of this case support no other specific offense characteristics or chapter three or four adjustments.

e.   Total Offense Level. With the application of U.S.S.G. § 3A1.4, the adjusted offense level is **37**. The Court will make the final determination of the total offense level.

f.   Criminal History Category. The parties agree that because U.S.S.G. § 3A1.4 enhancement applies, the defendant has a criminal history category of VI.

g.   Guidelines Range. The parties agree that the Guidelines range is 240 months' imprisonment, the statutory maximum sentence.

h.   Fine Range. The parties agree that the fine range is $40,000 to $400,000. U.S.S.G. § 5E1.2. There is no agreement as to the imposition of a fine or, if one is imposed, the amount of any such fine.

i.   Supervised Release. The parties agree that the Sentencing Guidelines specify that, if a term of supervised release is ordered, the term of supervised release is 5 years to life. U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(1). The defendant understands that the government may seek a lifetime term of supervised release.

j.   Departures. The parties agree that the defense reserves its right to argue additional grounds for a downward departure or variance from the ultimate guideline determination in this case.

8.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may

*A.A. - Dec 30, 2020* [handwritten]

not withdraw from this Agreement and the defendant will be sentenced pursuant to the Court's determinations.

9. **Agreements as to Sentencing Recommendation**. There is no agreement between the parties as to a recommended sentence. The defendant acknowledges that the government may ask for a sentence of up to 240 months. The defendant is free to recommend whatever sentence he deems appropriate. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

10. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. In this case, the defendant stands convicted of one-count and is required to pay $100.

11. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255, except based upon a claim of ineffective assistance of counsel.



12. **Forfeiture**. The government reserves its right to proceed against any of the defendant's assets if said assets represent real or personal property involved in violations of the laws of the United States or are proceeds traceable to such property.

13. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.15.

14. **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as removal from the United States, the loss of the right to carry firearms and the right to possess ammunition, the right to vote, and the right to hold public office.



15. **Complete Agreement**.  This, along with any agreement signed by the Parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: January  8 , 2021

ERICA H. MacDONALD
United States Attorney

*Andrew R. Winter*

ANDREW R. WINTER
Assistant United States Attorney

Dated: January ___, 2021

*Abdel A.*   12/30/2020

ABDELHAMID AL-MADIOUM
Defendant

Dated: January  8 , 2021

MANNY K. ATWAL,
Assistant Federal Defender
Attorney for Mr. Al-Madioum

AA, Dec 30 2020

8